985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BERGEN BRUNSWIG CORPORATION, Plaintiff-Appellant,
v.
SAFETY MUTUAL CASUALTY CORPORATION; United National
Insurance Company; Continental Ins. Co.; Liberty
Mutual Insurance Company, Defendants-Appellees.
 No. 90-56140.
 United States Court of Appeals, Ninth Circuit.
 Argued Dec. 6, 1991.
Submission Deferred Dec. 23, 1991. Resubmitted Jan. 15, 1993.
Decided Jan. 28, 1993.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted summary judgment to Liberty Mutual on Bergen Brunswig's claims for breach of contract, bad faith, and breach of fiduciary duty. Central to all of these claims was Bergen Brunswig's allegation that the insurance policy it had bought from Liberty Mutual obligated the insurer to defend and indemnify Bergen Brunswig in Steiner v. Bergen Brunswig, et al., Docket No. 86-6851 (C.D.Cal.1986), a class action alleging securities fraud and negligent misrepresentation. Bergen Brunswig tendered the defense in Steiner to Liberty Mutual, which refused to accept it.
 
 
 3
 The comprehensive general liability policy in issue provided coverage to Bergen Brunswig for, among other things, all sums that Bergen Brunswig became legally obligated to pay as "damages" because of "advertising injury." "Advertising injury" was defined as injury arising out of certain named torts, including "unfair competition." It was Bergen Brunswig's position in bringing this action that the securities fraud and negligent misrepresentation claims brought by the Steiner plaintiffs, investors in Bergen Brunswig stock, were claims for "unfair competition" within the meaning of Liberty Mutual's policy. Bergen Brunswig argued that "unfair competition" was not to be narrowly defined as the commonlaw tort of unfair competition, which gives a cause of action only to injured competitors, but was to include the broader list of unlawful trade practices defined as unfair competition in California's Unfair Business Practices Act, Cal.Civ.Code § 17200 et seq. At the very least, according to Bergen Brunswig, the policy's phrase "unfair competition" was ambiguous and should be construed against the insurer.
 
 
 4
 We deferred submission of this case pending the California Supreme Court's decision in Bank of the West v. Superior Court, 2 Cal. 4th 1254 (1992). Despite heroic efforts of Bergen Brunswig's counsel in supplementary briefing, Bank of the West totally undermines Bergen Brunswig's case. We have recently described the impact of Bank of the West upon a case similar to the present one. See Standard Fire Ins. Co. v. Peoples Church of Fresno, No. 90-16213, slip op. ---- (9th Cir. ---- ----, 1993). Bank of the West held that, when a policy provides coverage (as Liberty Mutual's does here) for "damages" caused by "unfair competition," the latter phrase does not include claims that might be brought under the Unfair Business Practices Act, which provides only for restitution, not damages. Id. at 1262-66. Moreover, the context of the term "unfair competition" in the policy, in light of the reasonable expectations of the insured, makes the term's meaning so clear that the broader definition in the Unfair Business Practices Act does not even create ambiguity. Id. at 1264-65; see Peoples Church, slip op. at ----.
 
 
 5
 Bergen Brunswig points out that the California Supreme Court in Far West Bank did not explicitly confine coverage under the policy term to the tort of common-law unfair competition. This point is of little aid to Bergen Brunswig, however. The Far West Bank opinion rejected expansive dictionary definitions of "unfair competition" that generally encompassed harms to the public in addition to harms to competitors. Id. at 1265. The California Court recited that the overwhelming majority of courts have held that the term "unfair competition" as it appears in Liberty Mutual's policy limits coverage to liability arising from the common-law tort of unfair competition. Id. at 1263. Accordingly, we concluded in Peoples Church that "unfair competition" in advertising injury coverage under California law refers to the common law tort. The Bank of the West opinion leaves no doubt that investors' claims of the type in issue in this case do not qualify as "damages" from "advertising injury" caused by "unfair competition," as those terms appear in the context of Liberty Mutual's policy. Some substantial component of competitive injury is required.
 
 
 6
 It is not possible to characterize the claims of the plaintiffs in the Steiner litigation as ones for common-law unfair competition, or any approximation of that tort. They are not claims for redress of competitive injury. They cannot be brought within the policy's coverage.
 
 
 7
 Bergen Brunswig correctly points out that Bank of the West did not involve a duty to defend. Nevertheless, that decision makes it clear to us that there was not even a potential for coverage under Liberty Mutual's policy in this case. See Peoples Church, slip op. at ----. The district court accordingly was correct in ruling that Liberty Mutual had no duty to defend the Steiner litigation, and that it did not act unreasonably in denying coverage and rejecting the tendered defense. The judgment of the district court is
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The motion of Buchalter, Nemer, Fields & Younger to file a supplemental brief amicus curiae is denied